UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VICTORIA COATES, an individual, | Case No. 3:20-cv-00182-LRH-CLB |
| Plaintiff, | ORDER |
| v. | |
| WASHOE COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada, | |
| Defendant. | |

Defendant Washoe County School District ("the District" or "WCSD") moves this Court to dismiss Plaintiff Victoria Coates' Complaint (ECF No. 1). ECF No. 8. Coates opposed (ECF No. 12) and the District replied (ECF No. 16). For the reasons contained within this Order, the Court grants in part and denies in part the District's motion.

## I.    BACKGROUND

From 2012 to 2015, Coates was employed as a full-time teacher with the District at Pine Middle School ("Pine"). ECF No. 1 ¶¶ 11-12. She was paid approximately $75,000 per year in salary and benefits. *Id.* ¶ 12. "At all relevant times, Mrs. Coates held the necessary qualifications for her position and performed her job for WCSD satisfactorily." *Id.* ¶ 13. Coates became pregnant in March 2015, and in May 2015 informed the District that she would be taking an emergency leave of absence during the 2015-2016 school year due to complications with her pregnancy. *Id.* ¶¶ 14-15. Coates alleges that pursuant to her contract with the District, Pine was required to hold her "full-time teaching position open for her to return to after her pregnancy leave." *Id.* ¶ 16. When she sought to return to her full time teaching position in summer of 2016, she was informed that

1

only a half-time ELL[1] position was available, a position for which she was not credentialed and that came with approximately $39,000 less in pay and benefits. *Id.* ¶¶ 19, 22-24. Plaintiff alleges that the District and her supervisors at Pine forced her to accept this position because they made the incorrect assumption that Coates was unable to perform her duties as a full-time teacher, and that neither the District nor her supervisors ever opened a dialogue about whether she could perform her full-time teaching duties with a reasonable accommodation. *Id.* ¶¶ 20-21. Pine Principal Boudreau allegedly informed Coates there were no full-time positions available, but Coates knew there were at least six full-time positions available at Pine, and others available within the District. *Id.* ¶ 23.

Upon returning to teaching, Coates alleges that she was "subjected to extensive harassment" by members of the Pine staff. *Id.* ¶ 25.  Coates alleges the hostile conduct was over two school years, and that it included making her sit at a student desk rather than assign her an adult teaching desk; refusing to provide her with a secure space for her personal belongings; invading her privacy by viewing a lost flash drive that contained nude photographs of her; and vandalizing her classroom; all which unreasonably interfered with her job performance. *Id.* ¶¶ 26-33. Coates allegedly reported the bullying and harassing behavior to Assistant Principal Knecht, who reprimanded her for reporting the conduct and refused to open an investigation. *Id.* ¶ 34.

On July 3, 2017, Coates filed a charge of pregnancy discrimination and disability discrimination with the Nevada Equal Rights Commission ("NERC") and the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 5. She received a Notice of Right to Sue from the EEOC on January 14, 2020, and filed the operative Complaint on March 20, 2020. *Id.* ¶6; ECF No. 1. Defendant's motion to dismiss plaintiff's Complaint in its entirety now follows. ECF No. 8.

## II.   LEGAL STANDARD

### Motion to Dismiss Pursuant to Federal Civil Procedure Rule 12(b)(6)

A party may seek the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a legally cognizable cause of action. *See* FED. R. CIV. P. 12(b)(6)

---

[1] The Court understands ELL to mean English Language Learning or Learners. *See* ECF No. 8 at 3 n.1; ECF No. 8-1 at 3.

(stating that a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted"). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the notice pleading standard of Federal Rule 8(a). *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(a) does not require "detailed factual allegations"; however, a "pleading that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient and fails to meet this broad pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To sufficiently allege a claim under Rule 8(a)(2), viewed within the context of a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the alleged misconduct. *See id.* at 678-679 (stating that "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks and citations omitted)). Further, in reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *Id.* However, "bare assertions" in a complaint amounting "to nothing more than a 'formulaic recitation of the elements'" of a claim are not entitled to an assumption of truth. *Id.* at 680-81 (quoting *Twombly*, 550 U.S. at 555). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

///

### III.     DISCUSSION

**A. Plaintiff's first cause of action for discrimination on the basis of pregnancy in violation of Title VII of the Civil Rights Act is not dismissed.**

To establish a prima facie case of pregnancy discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, a plaintiff must show that "(1) she is a member of a protected class; (2) she was performing her job in a satisfactory manner; (3) she suffered an adverse employment decision; and (4) she was treated differently than similarly situated persons outside her protected class." *Davis v. Frank*, 962 F.2d 13, 1992 WL 99343, at *2 (9th Cir. May 11, 1992) (unpublished). Title VII, as amended in 1978, includes the Pregnancy Discrimination Act, which provides that "sex discrimination includes discrimination based on 'pregnancy, childbirth, or related medical conditions;'" and that "women affected by [these conditions], shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work.'" *Id.* (quoting 42 U.S.C. § 2000e(k)); *Falk v. City of Glendale*, Civil Action No. 12-cv-00925-JLK, 2012 WL 2390556, at *3 (D. Colo. June 25, 2012). A plaintiff "need not establish a prima facie case of discrimination in the complaint, since the prima facie case is 'an evidentiary standard, not a pleading requirement,' and often requires discovery to fully adduce." *McGary v. City of Portland*, 386 F.3d 1259, 1262 (9th Cir. 2004) (quoting *Swierkiewicz v. Sorema N.A.*, 545 U.S. 506, 510-11 (2002)). However, "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012)).

For the purposes of this Order, the Court considers the following facts as true: (1) from 2012 to 2015, Coates was a full time teacher with an annual compensation of approximately $75,000 per year; (2) at all relevant times, Coates held the necessary qualifications for her position and performed her job satisfactorily; (3) Coates became pregnant in March 2015, and in May 2015 informed the District that she would be taking an emergency leave of absence during the 2015-2016 school year due to complications with her pregnancy; (4) pursuant to her employment contract, the District was required to hold her full-time teaching position open for her until after her pregnancy leave; (5) when she sought to return to her full time teaching position in summer of

4

2016, she was informed that only a half-time ELL position was available, a position for which she was not credentialed and that came with decreased pay and benefits; and (6) there were at least six full time teaching positions available when Coates was denied the full time position.

The District argues that plaintiff's Complaint does not state a claim for relief because she does not allege facts that would support each element of the claim. The Court disagrees. It is not disputed that plaintiff has alleged sufficient facts to support that she is a member of a protected class, that she was performing her job satisfactorily prior to taking her emergency leave, and that she suffered an adverse employment action. Specifically, the District argues that she has not alleged facts to support the fourth element—that she was treated differently than similarly situated persons outside of her protected class. Plaintiff argues that her demotion to a part-time teacher from a full-time position after her pregnancy leave incorrectly assumed that she could no longer perform her job as a full-time teacher and that such assumptions were unlawful stereotyping. Plaintiff also argues that because she has alleged that she was mistreated for being pregnant, that too supports the fourth element. The Court notes that the plaintiff's Complaint contains limited facts in support of the fourth element. However, the Court finds that plaintiff's allegation that she was assigned a part-time position, when at least six full-time positions existed, supports an inference that the District treated other individuals not in her protected class differently. Therefore, the Court finds that these allegation, while limited, are sufficient to meet the plausibility pleading standard required by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, the defendant's motion is denied as to plaintiff's first cause of action.

**B. Plaintiff's second cause of action for failure to provide reasonable accommodation in violation of the Americans with Disabilities Act ("ADA"), and her third cause of action for hostile work environment on the basis of pregnancy in violation of the ADA are dismissed.**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). In a discrimination case like this, for a court to

5

have subject matter jurisdiction, the plaintiff must have exhausted her EEOC administrative remedies prior to bringing the claim in federal court. *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994). While "failure to file an EEOC complaint is not a complete bar to district court jurisdiction, substantial compliance with the exhaustion requirement is a jurisdictional pre-requisite." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003). Even though "[t]he specific claims made in district court ordinarily must be presented to the EEOC, . . . the district court has jurisdiction over any charges of discrimination that are 'like or reasonably related to' the allegations made before the EEOC, as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." *Id.* (quoting *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990)). "In determining whether a plaintiff has exhausted allegations that she did not specify in her administrative charge, it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002). "In addition, the court should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case." *Id.* In doing so, the court must construe the EEOC charge with the "utmost liberality." *Yamaguchi v. U.S. Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997) (quoting *Farmer Bros. Co.*, 31 F.3d at 899).

Plaintiff's second cause of action alleges discrimination for failure to provide a reasonable accommodation in violation of the ADA. Plaintiff alleges that her pregnancy and pregnancy related medical condition constituted a disability under the ADA and that when she returned from her maternity leave, she was forced to accept a half-time ELL position instead of a full-time teaching position as she had held prior to her leave. Plaintiff further alleges that the District and her supervisors forced her to accept this position because they made the incorrect assumption that Coates was unable to perform her duties as a full-time teacher, and that neither the District, nor her supervisors, ever opened a dialogue about whether she could perform her full-time teaching duties with a reasonable accommodation.

In plaintiff's NERC charge (simultaneously filed with the EEOC), Coates alleges discrimination based on sex, retaliation, and disability. ECF No. 8-1.[2] She alleges that the conduct occurred between April 15, 2016, and April 15, 2017, but that it was a continuing action. *Id.* Coates personal statement provided that when she returned from her emergency leave due to medical difficulties during her pregnancy, instead of returning to her full-time teaching position, she was forced to accept a part-time position, which she characterized as a demotion, or else she would be terminated. In her charge, she does not articulate that she attempted to open a dialogue with the District or her supervisors regarding reasonable accommodations that would allow her to work in her full-time position. As the "crucial element of a charge of discrimination is the factual statement contained therein," this statement weighs heavy in the Court's analysis. *Maui Police Dep't*, 276 F.3d at 1100 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970)).

Following the Ninth Circuit's reasoning in *B.K.B v. Maui Police Department*, while plaintiff's charge does not perfectly lay out a failure to accommodate ADA claim, it is reasonably related and could have been expected to grow out of the allegations contained within Coates' NERC charge. 276 F.3d 1091, 1100 (9th Cir. 2002) (considering the basis of discrimination, dates of alleged action, perpetrators, and locations of the action, as well as the plaintiff's original theory of the case). In both plaintiff's second cause of action and the NERC charge, plaintiff alleges the same basis for discrimination—that she was forced to work as a part-time ELL teacher instead of retaining her full-time teaching position upon returning from pregnancy leave. The discriminatory conduct as alleged in the Complaint and the NERC charge occurred over the same period of time— between April 2016 and April 2017 and was a continuing action. The location of the alleged discrimination occurred at Pine Middle School and was allegedly perpetrated by the administrative staff, who are identified in both the NERC charge and in her Complaint. While claims for disparate

---

[2] The court takes judicial notice of Coates' EEOC charge of discrimination because it is an administrative record. *See* FED. R. EVID. 201; *Annenberg v. Clark Cty. Sch. Dist.*, No. 2:17-cv-03090-APG-NJK, 2018 WL 3014791, at *1 n.1 (D. Nev. June 15, 2018); *Mazzorana v. Emergency Physicians Med. Grp., Inc.*, No. 2:12-CV-1837-JCM-PAL, 2013 WL 4040791, at *5 n.3 (D. Nev. Aug. 6, 2013) ("If adjudicative facts or matters of public record meet the requirements of Fed R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss."); *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (Courts "may take judicial notice of records and reports of administrative bodies." (internal quotation marks and citation omitted)) *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimnio*, 501 U.S. 104 (1991).

treatment and failure to accommodate are distinct, the Court finds that plaintiff's NERC charge sufficiently lays out the discrimination theory upon which her second cause of action is based. *See McCarthy v Brennan*, 230 F.Supp.3d 1049, 1059-60 (N.D. Cal. 2017) (finding that "all four *B.K.B.* factors indicate that Plaintiff exhausted the reasonable accommodation claim that was not specified in his administrative complaint."). Accordingly, the Court finds that plaintiff has fully exhausted her administrative remedies.

Alternatively, the District argues that Coates' second cause of action fails to state a claim. Under the ADA, employers are prohibited from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). This discriminating conduct includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity[.]" 42 U.S.C. § 12112(b)(5)(A). To establish a prima facie case under the ADA that the District failed to accommodate Coates' disability, she must demonstrate that (1) she is a disabled person within the meaning of the ADA; (2) she is a qualified individual able to perform the essential functions of the job with or without reasonable accommodation; and (3) she suffered an adverse employment action because of her disability. *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003) (*per curiam*) (citing *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999)); 42 U.S.C. § 12111(8)-(9). Like under Title VII, Coates need not prove her prima facie case to withstand a motion to dismiss under Rule 12(b)(6); rather, she need only allege facts that, if taken as true, state a plausible claim.

First, plaintiff alleges that she is disabled within the meaning of the Act due to her "pregnancy and related medical condition." While generally courts hold "that pregnancy, and pregnancy-related complications, do not qualify as 'disabilities' under the" ADA, there are circumstances where such medical conditions may form the basis of a disability finding. Hogan v. Ogden, Case No. CV-06-5078-EFS, 2008 WL 2954245, at *4-5 (E.D. Wash. July 30, 2008)

(citations omitted) (articulating that because plaintiff's complications were not a function of a "normal pregnancy," it was a question for the jury to decide whether "Plaintiff's pregnancy constituted a physical impairment substantially limiting the major life activity of walking, a disability under Title II of the ADA."); *McKellips v Franciscan Health System*, Case No. C13-5096MJP, 2013 WL 1991103, at *4 (W.D. Wash. May 13, 2013) ("Facts demonstrating a departure from a normal pregnancy make a finding of disability under the ADA more likely."). Whether pregnancy, and/or a pregnancy-related medical condition, constitutes a disability under the ADA is a fact specific inquiry; particularly, whether the pregnancy or related medical conditions limit a major life activity. Here, Coates' vague, conclusory allegation is insufficient—she fails to allege how her pregnancy or related medical condition rendered or currently renders her disabled or how her condition limits one or more of her major life activities. Accordingly, the Court finds that plaintiff's second cause of action fails to state a claim upon which relief may be granted.

Likewise, because plaintiff has failed to allege that she is a qualified individual with a disability within the meaning of the ADA, the Court finds that plaintiff's third cause of action for hostile work environment on the basis of pregnancy, in violation of the ADA, also fails. *See Bos v. Sparks Tribune, LLC*, Case No. 3:09-CV-00573-LRH-VPC, 2010 WL 2872718, at *8 ( D. Nev. July 19 2010) (to establish a prima facie case of hostile work environment under the ADA, plaintiff must show that: (1) she is a qualified individual with a disability; (2) she suffered from unwelcome harassment; (3) the harassment was based on her disability or a request for accommodation; (4) the harassment was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive working environment; and (5) defendant knew or should have known of the harassment and failed to take prompt remedial action). Defendant's motion to dismiss these claims is therefore granted; but the Court will grant plaintiff leave to amend should she believe she may cure the deficiencies identified in this Order.

///

///

///

**C. Plaintiff's third cause of action for hostile work environment on the basis of pregnancy, in violation of Title VII, is dismissed.**

"Under Title VII, it is unlawful for an employer to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment because of [her] race, color, religion, sex, or national origin." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) (citing 42 U.S.C. § 2000e-2(a)(1)). To establish a prima facie case of hostile work environment under Title VII, the "plaintiff must show: (1) that [she] was subjected to verbal or physical conduct of a [pregnancy-related] nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Id.* (citation omitted). "[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview. *Id.* at 21.

Coates alleges the hostile conduct was over two school years, and that it included forcing her to take a demotion to a part-time teaching position or lose her job after returning from pregnancy leave; making her sit at a student desk rather than assign her an adult teaching desk; refusing to provide her with a secure space for her personal belongings; invading her privacy by viewing a lost flash drive that contained nude photographs of her; and vandalizing her classroom; all of which Coates alleges unreasonably interfered with her job performance. First, the Court finds that none of these allegations are verbal or physical conduct of a pregnancy-related nature. Second, while it is clear from plaintiff's Complaint that she viewed the conduct as unwelcome, it is neither sufficiently severe nor pervasive such that it created an abusive work environment. *See e.g., Falk v. City of Glendale*, Civil Action No. 12-cv-00925-JLK, 2012 WL 2390556, at *1, 4 (D. Colo. June 25, 2012) (finding that a "series of unpleasant interactions" with a colleague, including one

where the colleague laughed and made a "moo" noise at her after she lactated through her clothes when she was not permitted a break to pump breast milk, did not "imply the level of severity required to establish a hostile workplace claim."). Coates merely alleges "unpleasant and negative interactions" with her colleagues, and comments and actions which "engenders offensive feelings," not sufficiently severe or pervasive conduct that altered the conditions of Coates' employment and created an abusive work environment. *See id.* at *4; *Harris*, 510 U.S. at 21 (citation omitted). Defendant's motion to dismiss plaintiff's third cause of action is therefore granted, but the Court will grant plaintiff leave to amend should she believe she may cure the deficiencies identified in this Order.

### D.  Plaintiff's fourth cause of action for breach of contract is not dismissed.

Finally, the District argues that plaintiff's fourth cause of action should be dismissed for failure to state a claim. Under Nevada law, to establish a breach of contract claim, the plaintiff must show: (1) formation of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant; and (4) damages. *Laguerre v Nev. Syst of Higher Educ.*, 837 F.Supp.2d 1176, 1180 (D Nev. 2011). Plaintiff alleges that she "entered into a valid and binding employment contract with WCSD which required WCSD to provide her with a full-time teaching position upon her return from her pregnancy leave;" that "[a]t all relevant time, Mrs. Coates held the necessary qualifications for her position and performed her job for WCSD satisfactorily;" that the District failed to provide her with a full-time teaching position when she returned from leave, in breach of its obligations under the employment contract; and that due to the demotion, she suffered damages—the half-time teaching position paid $25,000 less than her full-time position and her health and retirement benefits were reduced by approximately $14,000 per year. The Court finds that these allegations are sufficient to meet the plausibility pleading standard required by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Alternatively, the District requests the Court render judgment as a matter of law on plaintiff's fourth cause of action because Coates failed to use the administrative remedy procedure available to her under the Collective Bargaining Agreement between the District and the Washoe

Education Association ("the CBA"). Defendant requests the Court take judicial notice of the CBA and not convert this motion to dismiss to one for summary judgment. The Court declines to do so. Nowhere within the plaintiff's complaint does she reference the CBA or that she is a part of a CBA. Additionally, the District provides no reference or document that shows she is a member of the Washoe Education Association or a signatory to the CBA. Further, while "[g]enerally, an employee seeking a remedy for a breach of a collective bargaining agreement must attempt to exhaust any grievance and arbitration procedures established by that agreement prior to bringing suit," plaintiff has alleged a breach of her employment contract, which the Court will assume is different from the CBA as plaintiff makes no reference to it in her pleadings. *Herman v. United Broth. of Carpenters and Joiners of America, Local Union No. 971*, 60 F.3d 1375, 1380 (9th Cir. 1995). Accordingly, the Court denies the District's motion on her fourth cause of action.

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED that the District's motion to dismiss plaintiff's complaint (ECF No. 8) is **GRANTED in part and DENIED in part** in accordance with this Order: plaintiff's second and third causes of action are dismissed with leave to amend.

IT IS FURTHER ORDERED that plaintiff is granted leave to file an amended complaint within **30 days** from the date of entry of this Order if she believes she may cure the deficiencies identified.


IT IS SO ORDERED.

DATED this 4th day of December, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

12